IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANGEL VELAZQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:06CV3099 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, | ) | MEMORANDUM OPINION |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's motion for summary judgment (Filing No. 8). In his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Angel Velazquez alleges violations of his constitutional rights in connection with his conviction in the District Court of Platte County, Nebraska, on or about May 30, 2003, of sexual assault of a child. The petitioner makes the following claims:

**Claim No. 1** (Filing No. 1 at 6, 8): A Felony Information filed in the District Court of Platte County, Nebraska, on or about September 12, 2002, charged the petitioner with one count of sexual assault of a child, "A.D." Subsequently, the district court granted the prosecutor's request to amend the Information by interlineation to identify the child "A.D." by her full name. The amendment by interlineation occurred on March 18, 2003, as reflected in the record (Filing No. 9-7 at 24), but the Amended Information was never refiled with the Clerk of the district court. In his Verified Motion for

Postconviction Relief (Filing No. 9-7 at 16-19), the petitioner alleged that the trial court lacked subject matter jurisdiction over the Amended Information, and that his conviction by a court without such jurisdiction deprived him of due process. The petitioner reasserts that claim as his first § 2254 claim.

**Claim No. 2** (Filing No. 1 at 7, 8-9):  The petitioner contends that his trial attorney rendered ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution, by failing to note the absence of the victim's full name on the original Information and by failing to note the absence of subject matter jurisdiction when the prosecutor failed to file the Amended Information. According to the petitioner, his trial attorney should have filed motions to quash both charging documents. Having raised that claim on postconviction review, he reasserts it in his § 2254 petition.

**Claim No. 3** (Filing No. 1 at 7, 9):  The petitioner alleges that he was subjected to prosecutorial  misconduct and that he was deprived of due process when the prosecutor filed an Information which omitted the full name of the victim and then when the prosecutor later failed to file the Amended Information after adding the victim's full name by interlineation. The petitioner did not assign this challenge to his conviction as an independent claim on postconviction review.

**Claim No. 4** (Filing No. 1 at 7, 9): The petitioner contends that his appellate attorney on direct appeal rendered ineffective assistance of counsel by failing to raise the jurisdictional defects caused by the absence of the victim's full name on the original Information and by the prosecutor's failure to refile the Amended Information. The petitioner raised this claim on postconviction review and reasserts it in his habeas petition.[1]

On postconviction review, the Platte County District Court disagreed with the petitioner's claim that the court had "somehow [been] divested of subject matter jurisdiction when it allowed the amendment, but did not require the Information, as amended, to be refiled with the Clerk." (Filing No. 9-8 at 3.) As the state court pointed out, Nebraska law grants a district court discretion to allow amendment of a criminal information any time before a verdict or findings, if, as in this case, no additional or different offense is charged, and the substantial rights of the defendant are not prejudiced. *Id.* at 3-4. The court found no evidence in the record that any of the petitioner's substantial rights had been prejudiced, as the petitioner received discovery including the names and addresses

---

[1] The petitioner exhausted his first, second and fourth claims in his postconviction action (see Filing No. 9-9 at 8-10). In addition, this Court may consider the petitioner's third claim pursuant to 28 U.S.C. § 2254(b)(2) (a habeas claim may be denied on the merits even if not exhausted).

of the witnesses on whose evidence the charge was based.  *Id.*  Also, the petitioner has never alleged any particular form of prejudice.

The state appellate courts summarily affirmed denial of postconviction relief.  Thus, the courts of Nebraska have determined that the Platte County District Court had subject matter jurisdiction, notwithstanding the victim's initials in the original Information and the prosecutor's failure to refile the Information, as amended by interlineation.  In the absence of any jurisdictional defect, the petitioner's trial and appellate counsel did not render ineffective assistance of counsel by failing to challenge subject matter jurisdiction, and no prosecutorial misconduct occurred.

For the foregoing reasons, the respondent's motion for summary judgment should be granted, and petitioner's § 2254 petition will be dismissed with prejudice.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 24th day of October, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court